IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CEDRIC NICKERSON, #681323 | § | |
| VS. | § | CIVIL ACTION NO. 6:12CV761 |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE - INSTITUTIONAL DIVISION, ET AL. | § § | |

ORDER OF DISMISSAL

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Judith K. Guthrie. The Report and Recommendation of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, concludes that this civil rights action should be dismissed with prejudice pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g). The Plaintiff has filed written objections (docket entry #14). In his objections, he contends that certain of his past lawsuits and actions cited by the Magistrate Judge should not qualify as "strikes" under the statute. He has raised the same argument in a number of other actions in which his claims were also dismissed for three strikes violations, and his objections have been overruled consistently. Most notably, however, the Court observes that the United States Court of Appeals for the Fifth Circuit entered an order on August 3, 2010, in *Nickerson v. Price*, USCA Case No. 09-40807 (5th Cir. Aug. 3, 2010), expressly stating that Plaintiff has three strikes and giving him 30 days from the date of entry of the order in which to pay the appellate filing fee of $455.00. That order counted as strikes the dismissals in *Nickerson v. U.S. Marshal's Office*, No. 5:96cv235 (N.D. Tex. July 16, 1997); *Nickerson v. Justices Texas Supreme Court*, No. 2:03cv411 (S.D. Tex. Feb. 29, 2004); and *Nickerson v. Klevenhagen*, No. 4:95cv4089 (S.D. Tex.

Mar. 13, 2000), all of which were cited by the Magistrate Judge in her Report at issue here. The Court further observes that when Plaintiff failed to comply with the Fifth Circuit's order above, that appeal was dismissed.

Because Plaintiff has three strikes as determined by the Fifth Circuit, this Court need not consider whether the other cases the Magistrate Judge cited were properly counted as strikes. The record clearly shows that he has three, as found by the Fifth Circuit, and that is all that is required to trigger operation of the "three strikes" bar of 28 U.S.C. § 1915(g).

The Court has conducted a careful *de novo* review of the pleadings in this case, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit and are overruled. It is accordingly

**ORDERED** that Plaintiff's objections are **OVERRULED** and the Report of the Magistrate Judge is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled civil case be and hereby is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(g). It is further

**ORDERED** that any and all other motions that may be pending in this civil action are hereby **DENIED**. Finally, it is

**ORDERED** that the Clerk shall provide a copy of this opinion to the Administrator of the Three-Strikes List for the Eastern District of Texas.

**So ORDERED and SIGNED this 1st day of February, 2013.**

LEONARD DAVIS
UNITED STATES DISTRICT JUDGE